### D. W. STAUFER v. THE STATE.

No. 5283.   Decided March 5, 1919.

Vagrancy—Clairvoyant—Advertisement—Spiritualist—Insufficiency of the Evidence.

Where defendant was tried under article 634, Branch Ann. P. C., for being a vagrant in that he unlawfully advertised and maintained himself as a clairvoyant, etc., and the evidence failed to show that he advertised himself as set out by the wording of the statute, but showed that he was a regular certified teacher of spiritualism, the conviction could not be sustained.

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. C. A. Pippen, judge.

Appeal from a conviction of vagrancy; penalty, a fine of two hundred dollars.

The opinion states the case.

*Wm. F. Robertson,* for appellant.—On question of insufficiency of the evidence: Ellis v. State, 65 Texas Crim. Rep., 480; Martoni v. State, 74 id., 64; King v. State, 78 id., 408.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under an indictment, omitting formal parts, which charged he was a vagrant in this, that he "did then and there unlawfully advertise and maintain himself as a clairvoyant, foreteller of future events and as having super natural knowledge with respect to present and future conditions, transactions, happenings and events contrary," etc.

The article under which he was tried is 634 Branch's Ann. P. C. denouncing vagrancy. The particular section in that act under which this indictment was framed reads as follows: "All persons who advertise and maintain themselves in whole or in part as clairvoyants or foretellers of future events, or as having supernatural knowledge with respect to present or future conditions, transactions, happenings or events." It would seem from a reading of this statute that as prerequisite to vagrancy the

(1)

person must advertise and maintain himself in whole or in part as a clairvoyant or foreteller of future events, or he must advertise and maintain himself as having supernatural knowledge with respect to present or future conditions, transactions, happenings or events. This being the statute, the evidence must correspond with and support the allegations in the indictment. These allegations did follow the statute. The evidence with reference to the advertisement is about as follows: Marie Barnett testified as follows: "There was a little sign in the room—in the hall—which said 'Spiritual consultation thirty minutes fifty cents; more than thirty minutes one dollar.'" She also testified: "Staufer gave me a little card, business card, reading as follows: 'Phone Bell Haskell 7098, D. W. Staufer, Spiritualist. Private appointments by phone. Public Message Service every Friday night 8 o'clock, 505 Alcalde Street Dallas, Texas.'" Upon this it seems the State rested its case.. There seems to have been no other advertisement introduced in evidence. These do not show that appellant was advertising as a clairvoyant, or as a prophet of coming events, or of having supernatural knowledge with respect to either present or future conditions, happenings, or events. As the advertisement is a necessary prerequisite to constitute the party a vagrant, the State must show in some way that he so advertised. The statute does not seem to contemplate that a man might be a vagrant under this peculiar phase of the law unless he had advertised as set out by the wording of the statute. It is thought to be a safe conclusion that a party would not be a vagrant without so advertising, and for the purpose of maintaining himself in whole or in part. We are of opinion that the evidence does not justify the conviction. The evidence for the defendant is that he was a regular certified commissioned spiritualist to teach the doctrine of such faith and organization, and that he did lecture, and may have acted as a medium. All this may be true, yet unless he advertised for the purpose of making money out of it and for the purpose denounced by the statute, it would not constitute him a vagrant. The evidence seems to be uncontroverted that he was a cabinet workman and by such means supported himself. The only evidence that undertook to bring him within the statute from the pecuniary standpoint was that two witnesses testified they visited him at his room, and he charged one of them fifty cents and the other one dollar. This, however, would not constitute him a vagrant unless he was advertising himself as denounced by the statute. As the record presents itself we are of opinion that the State has failed to make a case, wherefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*